Dewey, J.
McHenry filed his bill in chancery, setting forth that Pichón had sued him before a justice of the peace in trespass, and had recovered a judgment against him for $20.00 and costs; that he appealed to the Circuit Court, where Pichón moved to dismiss the appeal, alleging a defect in the appeal-bond; that McHenry was allowed one day by the Court, in which to file a new appeal-bond; that it being inconvenient for him to file it so soon, on accopnt of the absence of his surety, he did not file- it until five days afterwards, when it was received and approved by the Court; that the only defect in the first bond was, that it bore date in 1838 instead of 1839; that the new bond was the old one with the date corrected; that Pichon’s counsel was present when. the new bond was filed, knew the fact, and made no objection; that at the succeeding term, the Court, on Pichon’s motion, dismissed the appeal on the ground that the new appeal-bond was not filed within the time originally allowed for that purpose; that McHenry had a good defense against the action; that he filed an afifi-davit of merits, and moved the *Court to reinstate the appeal, which was refused; that after the appeal was dismissed, Pichón commenced a suit at law on the new appeal-bond against the surety of McHenry and recovered judgment. The prayer of the bill is, that the judgment at law be enjoined, and the appeal reinstated. The associate judges granted a temporary injunction in vacation. Pichón moved the Court to dissolve the injunction and dismiss the bill; the motion was overruled. On the motion of McHenry, the complainant, the Court decreed a perpetual injunction against the judgment at law, reinstated the appeal, and gave judgment against Pichón for costs.
This decree can not be sustained. That part of it which reinstated the appeal was an attempt by a Court of equity to revise a decision of a Court of law, made in the due exercise of its jurisdiction, for an alleged error in a matter of law. This, allowing an error to have been committed, is inadmissible. Besides, the complainant had a full and complete *557 remedy at law. The amount in controversy in the appeal dismissed,, not being less than $20.00 exclusive of interest and costs, was sufficient to give this Court jurisdiction either on appeal, or by writ of error. The error of the Circuit Court in dismissing the appeal might have been corrected by this Court. This was the remedy which the complainant was bound to pursue, if he considered himself aggrieved by the decision of the Circuit Court.
D. H. Colericlc and W. H. Coombs, for the plaintiff.
H. Cooper, for the defendant
The defense against the action on the appeal-bond, if any existed, was also at law. It consisted in a want or failure of consideration, which is made a legal defense by statute. No circumstance of fraud is alleged; and the bill contains no matter of equitable jurisdiction.
The motion to dissolve the injunction should have prevailed. The motion to dismiss the bill was not strictly regular. A demurrer would have been the more correct practice; but as the manner of objecting to the bill was acquiesced in below, it is now a matter of no consequence.
Per Curiam.—The decree is reversed with costs. Cause remanded, &c.